JOHN RHODES
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
125 Bank Street, Suite 710
Missoula, MT 59802
Phone: (406) 721-6749
Fax:   (406) 721-7751
Email:  john_rhodes@fd.org

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19-13-BU-DLC |
| Plaintiff, | |
| vs. | **BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE PURSUANT TO 18 U.S.C. § 3161** |
| FABJAN ALAMETI, | |
| Defendant. | |

Mr. Alameti has been charged by Indictment with three counts of false statement to a federal officer in a matter involving terrorism, in violation of 18 U.S.C. § 1001, and one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3).

Mr. Alameti faces a maximum eight year sentence of imprisonment for the false

statement counts and a maximum sentence of ten years imprisonment for the firearm count.

The basis for this continuance is the need to receive and review discovery and conduct computer forensics. Thus far, over 4,000 pages of discovery and a hard drive containing computer and cell phone data has been produced.

AUSA Jeffrey Starnes informs, under FBI policy, all counter-terrorism investigations are classified. Most of the discovery in this case has been declassified and already produced, with the exception of items relating to two informants who worked with the FBI in Montana. AUSA Starnes informs, at this time, the government does not intend to call those informants as witnesses.

The informants wore wires when they spoke with Mr. Alameti. Those recordings remain classified. Written summaries of those recordings are being declassified to be produced as discovery. Transcriptions of the recordings are also being prepared to be produced in discovery.

## ARGUMENT

"The Speedy Trial Act 'gave effect to a Federal defendant's right to speedy trial under the Sixth Amendment and acknowledged the danger to society represented by accused persons on bail for prolonged periods.'" *United States v. Rojas-Contreras*, 474 U.S. 231, 238 (1985) (J. Blackmun concurring) (citation omitted). The Speedy Trial Act requires a defendant to be tried within seventy days of his indictment or of

his initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). The Act further provides, however, that:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
>> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Ninth Circuit imposes exacting standards before an "ends of justice" continuance can be granted. As the Circuit explained, "a district court may grant an 'ends of justice' continuance only if it satisfies two requirements: (1) the continuance is 'specifically limited in time'; and (2) it is 'justified [on the record] with reference to the facts as of the time the delay is ordered.'" *United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994) (*quoting United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990)) (additional citations omitted).

The Ninth Circuit recently reiterated:

A district court's "discussion of the statutory factors is adequate to support a continuance that serves the ends of justice" when it is clear that the district "considered the factors in § 3161(h)([7])(B) and determined that the continuance was merited based on" the applicable factor or factors.

*United States v. McCarns*, 900 F.3d 1141, 1145 (9th Cir. 2018) (quoting *United States v. Medina*, 524 F.3d 974, 986 (9th Cir. 2008)).

Here, Mr. Alameti requests a defined extension – a no later than a September 16, 2019 trial setting. Mr. Alameti is currently incarcerated in Shelby. The known facts justify the requested extension. Mr. Alameti believes the failure to grant a continuance would result in a miscarriage of justice, per 18 U.S.C. § 3161(h)(7)(A) and (B).

Mr. Alameti believes that his case falls within 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv), which permit the Court to (i) grant a continuance to prevent a miscarriage of justice, or (ii) declare a case to be unusual or complex, or (iv) grant a continuance to permit the defense reasonable time necessary for effective preparation, and thus warrants a time extension beyond the Speedy Trial limits. These sections provide:

> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> > (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

>   (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
>   . . .
>
>   (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

Based on the facts detailed above – specifically, the seriousness of the charges, the volume of discovery, the need to conduct a defense computer forensic review, the current classification preventing the government's release of some discovery, and Mr. Alameti's detention in Shelby – trying the case on the current schedule would result in a miscarriage of justice, because this case is unusual and complex and more time is necessary to ensure justice and permit reasonable time necessary for effective preparation.

## CONCLUSION

Given the lack of opposition by the government and the above facts, an ends of justice continuance is appropriate in this case. Pursuant to a Speedy Trial Waiver, to be filed separately, Mr. Alameti is willing to have his case tried as late as

September 16, 2019, and respectfully requests that the Court order an extended schedule.

Mr. Alameti does not believe a hearing is necessary to resolve this motion.

DATED this 24th day of May, 2019.

                                         FABJAN ALAMETI

                         By:   */s/ John Rhodes*
                                   JOHN RHODES
                                   Assistant Federal Defender
                                   Federal Defenders of Montana
                                      Counsel for Defendant

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this Brief in Support of Motion for Ends of Justice Continuance is in compliance with Local Rules. The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 1,136, excluding tables and certificates).

Dated this 24th day of May, 2019.

                FABJAN ALAMETI

        By: */s/ John Rhodes*
           JOHN RHODES
           Assistant Federal Defender
           Federal Defenders of Montana
            Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, a copy of the foregoing document was served on the following persons by the following means:

1, 2    CM-ECF
\_\_\_\_    Hand Delivery
4    Mail
\_\_\_\_    Overnight Delivery Service
\_\_\_\_    Fax
3    E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. JEFFREY K. STARNES
   Assistant United States Attorney
       Counsel for the United States of America

3. MARK HENKEL
   United States Probation Office

4. FABJAN ALAMETI
       Defendant

By:   /s/ John Rhodes
      JOHN RHODES
      Assistant Federal Defender
      Federal Defenders of Montana
          Counsel for Defendant