IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FABJAN ALAMETI<br><br>Defendant. | CR 19–13–BU–DLC<br><br><br>ORDER |

Before the Court is Defendant's Unopposed Motion for an Ends of Justice Continuance (Doc. 23). Defendant contends that a continuance is necessary to allow defense counsel to receive and analyze extensive evidence that is essential to trial preparation. (Doc. 24 at 2.) Trial in this matter is currently set for June 24, 2019. Defendant has waived his right to a speedy trial through September 16, 2019. (Doc. 25 at 1.)

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial deadline when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, inter alia, whether the failure to grant the continuance will result in a miscarriage of

justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not inordinately complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective preparation. *Id*. § 3161(h)(7)(B). An "ends of justice continuance . . . must be specifically limited in time[] and . . . must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotation marks, alterations, and citation omitted). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 559 U.S. 196, 203 (2010).

Defendant's request for a continuance is based upon the need for defense counsel to "receive and review discovery and conduct computer forensics." (Doc. 24 at 2.) Defendant claims that over 4,000 pages of discovery has been produced, in addition to a hard drive that Defendant wants to have forensically analyzed. Further, Defendant claims that there are informant recordings that are currently being transcribed for production to the Defendant. On the current trial setting, defense counsel will not have adequate time to review the forthcoming evidence against Defendant, comb through the extensive discovery, and mount an adequate

defense. The Court finds that although this case is not overly unusual or complex, the failure to grant a continuance would deny defense counsel reasonable time necessary for effective preparation. Accordingly,

IT IS ORDERED that Defendant's Motion (Doc. 23) is GRANTED. The trial scheduled for June 24, 2019 is VACATED and RESET for September 3, 2019 at 9:00 a.m. in the Russell Smith Federal Courthouse, Missoula, Montana.

IT IS FURTHER ORDERED that all associated deadlines are VACATED. The motions deadline is RESET for July 31, 2019. The plea agreement deadline is RESET for August 22, 2019. The JERS deadline is RESET for August 26, 2019. Jury instructions and trial briefs are due on or before August 28, 2019. The Court's previous scheduling order remains in full force and effect in all other respects.

DATED this 29th day of May, 2019.

_____
Dana L. Christensen, Chief District Judge
United States District Court