Colin M. Stephens
SMITH & STEPHENS, P.C.
315 W. Pine
Missoula, MT 59802
Phone: (406) 721-0300
colin@smithstephens.com

    Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>FABJAN ALAMETI,<br><br>Defendant. | Cause No. CR 19-13-BU-DLC<br><br><br>DEFENDANT'S OBJECTION TO COURT'S PROPOSED CONDITION OF SUPERVISED RELEASE |
|---|---|

OBJECTION

Fabjan concedes the Court's proposed condition satisfies the requirements that the condition have a nexus to either himself or to the underlying offense. However, Fabjan objects to the condition as worded given the First Amendment implications inherent in computer and internet used after the Packingham decision.

The proposed condition lacks sufficient guidance for either Fabjan

or a United States Probation Officer to know what is either prohibited or allowed. The condition is both vague and over-broad. Further, because of its vagueness and over-breadth, it will likely potentially serve as an unconstitutional prior restraint on Fabjan's exercise of his First Amendment rights as well as having a chilling effect on those rights.

As an example, Fabjan would direct the Court to Desert Outdoor Adver. v. City of Moreno Valley, 103 F.3d 814, 818 (9th Cir. 1996) for the principle that "a law cannot condition the free exercise of First Amendment rights on the unbridled discretion of government officials." Absent additional clarity, the proposed condition likely leaves a probation officer with the "unbridled discretion" to both indiscriminately search the contents of all permitted digital devices and render official opinions and possible sanctions for what the officer finds, regardless of the legality of what is found.

Further, both the vagueness and the overbreadth of the condition will certainly have a chilling effect on Fabjan's otherwise protected First Amendment rights. Fabjan would point the Court to Virginia v. Hicks, 539 U.S. 113 (2009) (discussing principles, limitations, and

balances of the doctrine of overbreadth and the chilling effect on constitutionally protected speech).

To be clear, Fabjan objects to the present wording of the condition of supervised release but does agree that a similar condition with greater clarification would be acceptable.

Respectfully submitted this 13th day of December, 2019.

/s/ Colin M. Stephens
Colin M. Stephens
SMITH & STEPHENS, P.C.
Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Colin M. Stephens, to hereby certify that I delivered a copy of this document to the following via the means indicated below.

Jeff Starnes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . CM/ECF
Assistant United States Attorney

Respectfully submitted this 13th day of December, 2019.

/s/ Colin M. Stephens
Colin M. Stephens
SMITH & STEPHENS, P.C.
Attorney for Defendant